IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                          Case No. 99-10023-03-JTM

LEO D. GRAHAM, JR.,

          Defendant.

MEMORANDUM AND ORDER

Following the Order and Judgment entered by the Tenth Circuit on July 5, 2006, this court conducted an evidentiary hearing in which the defendant Leo D. Graham, Jr. and the United States presented further argument and submitted evidence upon the defendant's contention advanced in his 28 U.S.C. § 2255 challenge that he was subjected to constitutionally ineffective counsel in the representation that he received prior to his conviction for armed bank robbery in violation of 18 U.S.C. 2113(a) and (3). Specifically, Graham argues that counsel failed to adequately apprise him of his rights in relation to the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. 2, § 2, 9, and thereby deprived him of the ability to challenge an unlawful detainer that had been lodged against him.

In its Order, the Court of Appeals discussed the historical requirements of the IADA and noted the procedural history of the detainer that had been lodged against

Graham. (Dkt. No. 243, at 4-6.) The Court of Appeals then concluded that the government incorrectly had filed a non-IADA detainer against Graham, and that this court should have conducted an IADA hearing prior to its dismissal without prejudice of the first indictment. (Id. at 11.) The Court of Appeals then held that this court erred in denying Graham's § 2255 challenge without an evidentiary hearing because the then-existing record "did not conclusively show that he was entitled to no relief." (Id. at 12.)

The government has conceded the existence of an error in the filing of the detainer under the IADA.

The burden is on Graham to show that his counsel's representation was deficient and that he was prejudiced as a result. (Id. at 10, *citing Strickland v. United States*, 466 U.S. 668, 687 (1984)). Based upon the evidence submitted at the evidentiary hearing conducted on September 25, 2006, the court finds that Graham has failed to meet his burden of showing that counsel was unreasonably deficient in his performance.

The defendant introduced the testimony of Wichita, Kansas defense attorney Kurt Kerns, who testified that had he represented Graham he would have filed a motion seeking to dismiss the indictment for a violation of the IADA.

While Mr. Kerns is a capable and an experienced trial advocate, he agrees that his experience with the IADA is not extensive. Further, this court must evaluate the representation that Graham actually received in light of all of the circumstances of the case, including the delay that such additional motions practice would have entailed. *See United States v. Cano-Silva*, 402 F.3d 1031, 1034-35 (10th Cir. 2005) *quoting United States v. Taylor*, 487 U.S. 326, 333-34 (1988). Here, counsel advised Graham that his best course was to plead guilty. Given the seriousness of the charges against him, the

substantial evidence in support of those charges, the technical nature of the detainer defect and the utter absence of any indicia of bad faith on the part of the government, and consequently given that the chances for obtaining a dismissal with prejudice were remote, the court cannot say that Graham's counsel was deficient in failing to present such a motion. The court does not find that counsel's performance was unreasonable under all the circumstances of the case. *Richie v. Mullin*, 417 F.3d 1117 (10th Cir. 2005).

Further, even if counsel's performance in failing to present a motion to dismiss were deemed deficient, Graham suffered no appreciable prejudice, since under the circumstances of the case the court would have denied any such motion; given the circumstances of the case, a dismissal without prejudice was the only appropriate resolution. Under the IADA, in deciding the appropriate relief for violations of the act, the court considers "[t]he seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of the agreement on detainers and on the administration of justice." 18 U.S.C. App. § 2, Art. IX, § 9.

Dismissal with prejudice may be appropriate for IADA violations where the charges are not relatively serious, *see United States v. Zfaty*, 44 F.Supp.2d 588, 592 (S.D.N.Y. 1999) (illegal re-entry "not among the most egregious crimes that come into federal court"), or the violation of the IADA was accompanied by "evidence of bad faith or a pattern of negligence" by the government. *United States v. McKinney*, 395 F.3d 837, 841 (8th Cir. 2005). In contrast, dismissal without prejudice is appropriate where the charges are serious in nature, the violation of the IADA is unintentional, and there is no serious and unfair prejudice to defendant. *United States v. Martinez*, 367 F.Supp.2d

1168 (D.N.M. 2004), aff'd, 2006 WL 2821357 (10th Cir. 2006). *See also United States v. Ward*, No. 05-1119, 2005 W. 1514137, at *2 (8th Cir. 2005) (dismissal without prejudice upheld where the defendant had "not demonstrated any substantial impact from re-prosecution on the administration of justice or the IADA [nor] presented no evidence of any prejudice to his defense and has not shown that the government's delay resulted from bad faith, an improper motive, or a pattern of negligence").

Here, it is clear that the charges against Graham are serious in nature. *See United States v. Trummolo*, 822 F.Supp. 1561, 1565 (S.D. Fla. 1993) (armed robbery is a serious offense of IADA purposes). The evidence introduced at the hearing provided no indication that the violation of the IADA was the product of anything other than a single instance of inadvertence. And there is nothing in the case to suggest that re-prosecution would work unfair prejudice to the defendant or otherwise violate the purposes of the IADA.

Accordingly, the court would not have dismissed the initial indictment with prejudice, and the defendant Graham has failed to demonstrate the existence of any prejudice arising from the putative ineffective assistance of counsel.

Also before the court is defense counsel's motion to supplement the record (Dkt. No. 255), which is not opposed by the government and is hereby granted, and defendant's own pro se Motion for Order to Take Judicial Notice (Dkt. No. 253) which merely repeats arguments previously made on behalf of defendant or submits as supplemental materials various pleadings which are already contained within the court's docket and is accordingly denied.

IT IS ACCORDINGLY ORDERED this 11th day of January 2007, that the Defendant-Petitioner's motion for relief under 18 U.S.C. § 2255 is hereby denied. The defendant's motion to supplement record (Dkt. No. 255) is granted; the motion for judicial notice is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE