IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

United States of America,
        Plaintiff,

vs.                               Case No. 99-10023-02-JTM

Leo D. Graham, Jr.,
        Defendant.

MEMORANDUM AND ORDER

Defendant Leo D. Graham has moved (Dkt. 310) to terminate the restitution imposed as a part of his sentence. The court directed that Graham and two co-defendants were jointly and severally responsible to make restitution in the amount of $10,500. Graham states in his motion that he has "paid back over a third of the amount taken from the robbery", and "it[']s unfair to hold him accountable for the entire $10,500." (*Id.* at 1). Graham cites no statutory authority for the district court to modify a restitution order contained within a final sentence and judgment.

The imposition of joint and several liability for the restitution was imposed pursuant to 18 U.S.C. § 3664(h):

If the court finds that more than 1 defendant has contributed to the loss of a

victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, 3664 (MVRA) codified the district court's authority to modify a restitution payment schedule. Under § 3664(k):

A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

This provision— which authorizes a change in the "payment schedule" if there is "a material change in the defendant's economic circumstances"—is inapplicable here. Graham is not asking for a change in the payment schedule, but a complete termination of payments. More importantly, he is not asking for this relief based on a change in his economic circumstances, but simply because the co-defendants are not paying their "fair" share. That is not a change in his economic circumstances, but a contingency inherent in any joint and several restitution order.

The defendant in *United States v. Turnbow*, 2012 WL 1203532 (D. Utah 2012) also sought modification of a restitution order which was imposed on a joint and several basis. The court found that none of the cited statutory authorities cited by the defendant justified

such relief. In particular, the court held that "Section 3664(k) does not grant Defendant any relief as Defendant is not seeking to adjust the payment schedule, rather she is seeking to adjust the total amount for which she can be found liable." *See also United States v. Prowell*, 2009 WL 416811 (D. Minn. 2009) (defendant "has failed to show any material change in circumstances that would justify either relieving entirely his joint and several liability for the restitution originally ordered or to otherwise reduce" the specified quarterly payment).

Alternative grounds for relief appear equally inapplicable under the circumstances of the case. 18 U.S.C. § 3583(e)(3) authorizes the district court to modify restitution ordered as a condition for supervised release. Here, however, the restitution obligation was imposed independently, and not as a condition of any supervised release. The obligation was imposed in conjunction with an order of a term of imprisonment.

18 U.S.C. § 3582(c) governs modifications of terms of imprisonment, including associated restitution orders. Under this provision, "[t]he court may not modify a term of imprisonment once it has been imposed," except in specific, enumerated circumstances. These include a motion by the Bureau of Prisons, a subsequent modification of the sentencing guideline range, or "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In turn, authority under Rule 35 is restricted to either (a) a government motion for substantial assistance, or (b) a correction of an "arithmetical, technical, or other clear error," where the correction is made"[w]ithin 14 days of sentencing." Here, the defendant's motion is not premised on any of these grounds. There has been no motion by the BOP, the motion is made far outside the 14-day

window, and the modification is not the sort of clerical error targeted by the statute.

Finally, another general statute, 18 U.S.C. § 3664(o), provides that a sentence providing for an order of restitution is a final judgment "notwithstanding the fact that" it may be corrected under a variety of events. That is, the sentence is final even though

(1) such a sentence can subsequently be--

    (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
    (B) appealed and modified under section 3742;
    (C) amended under subsection (d)(5); or
    (D) adjusted under section 3664(k), 3572, or 3613A; or

(2) the defendant may be resentenced under section 3565 or 3614.

Most of the cited statutory provisions (existence of an appeal under § 3742, default on a restitution or fine under § 3613A) have no relevance at all to the defendant's motion. The ones which might at least conceivably apply—a Rule 35 clerical error, § 3664(k) modification of the payment schedule—are, as noted above, inapplicable under the circumstances of the case. This court has previously considered § 3664(o) in the case of a defendant who asked to have the restitution order deferred while he was in prison. It concluded that there was "no basis in any of the sections cross-referenced in § 3664(o) that would permit the court to modify the restitution as defendant requests." *United States v. Vandevender*, 03-20129-CM, 2008 WL 370639 (D. Kan. 2008).

The court finds that it is without authority to grant the relief requested, and hereby denies the motion.

IT IS SO ORDERED this 23rd day of July, 2014.

                                                     <u>s/ J. Thomas Marten</u>
                                               J. THOMAS MARTEN, JUDGE