IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICAN,
    Plaintiff,

vs.                                                                  No. 99-10023-02-JTM

LEO D. GRAHAM, JR,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Leo D. Graham's motion for reconsideration (Dkt. 399), which argues that the court erred when it previously rejected his contention that a prior dismissal without prejudice violated his rights under the IADA, thus allegedly invalidating the voluntariness of his eventual guilty plea after charges were reinstated. The court rejected Graham's 28 U.S.C. § 2255 motion advancing this argument (Dkt. 202), and reached the same conclusion following a September 5, 2006 evidentiary hearing. (Dkt. 258). This decision was affirmed on appeal. (Dkt. 282). *United States v. Graham*, 312 Fed.Appx. 79 (10th Cir. 2008).

The decision which Graham urges reconsideration was rendered twelve years ago. To avoid the time limitations normally governing motions for reconsideration, Graham brings his motion under Fed.R.Civ.P. 60(d)(3), alleging fraud on the court. Graham claims

that the prosecutor misled the court at the evidentiary hearing as to the nature of his IADA claim.

The court finds no fraud justifying relief. The documents attached to Graham's motion which supposedly demonstrate the fraud are pleadings and documents (Dkt. 195, 202, 253) which were available to the court at the time of the evidentiary hearing. The court was fully informed as to the nature of Graham's argument that the IADA had been violated. The court found a violation existed, but proceeded to find both that counsel was not deficient in failing to subsequently move to dismiss the case for the IADA violation. (Dkt. 258, at 2-3), and that in any event any deficiency did not constitutionally prejudice the defendant, because any dismissal on IADA grounds would have been without prejudice. (*Id*. at 3-4).

The defendant's present motion fails to demonstrate any error, or to show any fraud on the court. Instead, it is simply reargument of his earlier claims. Such reargument is barred by the Tenth Circuit's January 3, 2008 decision affirming the decision challenged by the defendant. *See Graham*, 312 F. App'x at 86 ("we agree with the district court that Graham has shown no prejudice, even assuming his counsel's performance was deficient").

The court will not issue a certificate of appealability. A certificate may be issue if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showimg means that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

2

*McDaniel*, 529 U.S. 473, 484 (2000). The defendant could have presented any and all arguments against this court's decision of January 11, 2007 in his prior appeal. The court finds defendant has failed to make a substantial showing either erred in 2007, or that it is not now bound by the decision of the Tenth Circuit.

IT IS ACCORDINGLY ORDERED this day of June, 2019, that the defendant's Motion for Reconsideration (Dkt. 399) is hereby denied.

s/ *J. Thomas Marten*
J. Thomas Marten, Judge