IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No.  99-10023-2-JWB

LEO D. GRAHAM, JR.,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to waive restitution interest or modify conditions of supervised release. (Doc. 445.) The government has filed a response in opposition (Doc. 450).[1] For the reasons stated herein, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.     Facts**

Defendant pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and was sentenced to 188 months imprisonment and 3 years of supervised release. (Docs. 109, 138.) Defendant was also ordered to pay $10,478 in restitution to the State Bank of Colwich ("the bank"). (Doc. 138.) The interest rate on the restitution judgment is 5.94%. The restitution was to be paid jointly and severally with co-Defendants Cornelius Graham, J.D. McClenton, and Robert Turner. (*Id.* at 6.) The judgments of co-Defendants Cornelius Graham and McClenton also ordered them to pay restitution to the bank in the amount of $10,478. (Docs. 125, 126.) Those judgments, however, did not indicate that the restitution order was to be joint and several with the other co-defendants. Defendant Turner was not ordered to pay restitution to the bank. (Doc. 181.)

---

[1] Defendant has failed to file a reply and the time for doing so has now passed.

In July 2020, Judge Marten granted Defendant's motion to reduce sentence and sentenced him to time served. (Doc. 433.) Defendant now asks the court to modify his restitution order to waive the interest. Defendant's motion initially argued that the principal amount on the restitution order was paid in full and that the outstanding interest due was $44,892.80. (Doc. 445 at 1-2.) Those amounts are incorrect. According to the government's records, which Defendant does not dispute, there is currently a principal balance of $2,441.17 due and owing on Defendant's restitution judgment. (Doc. 450 at 4-5.) As of July 12, 2021, Defendant owes $9,679.83 in interest. The government does not collect interest until the principal amount is paid in full.

Defendant asserts that he is unable to pay the outstanding interest and that the United States Probation Office will not allow him to travel out of the district until he has paid the entire restitution judgment. Defendant would like to travel out of the district to see his family. Defendant seeks an order from the court waiving the interest requirement. Alternatively, Defendant seeks to modify his conditions of supervised release to allow him to travel out of the district.

**II.     Analysis**

Under the Mandatory Victim Restitution Act ("MVRA"), the court must order a defendant to make restitution to the victim of the offense. 18 U.S.C. § 3663A. Pursuant to 18 U.S.C. § 3664, Congress set up a mechanism for the issuance and enforcement of restitution orders. In that statute, Congress provided a means "by which an order of restitution may be altered." *United States v. Wyss*, 744 F.3d 1214, 1217 (10th Cir. 2014). That statute states as follows:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
> (1) such a sentence can subsequently be--
> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> (B) appealed and modified under section 3742;
> (C) amended under subsection (d)(5); or
> (D) adjusted under section 3664(k), 3572, or 3613A; or

(2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Here, Defendant seeks to modify his restitution order pursuant to 18 U.S.C. § 3612(3)(A) which provides that the court may waive an interest requirement on a restitution order "if the court determines that the defendant does not have the ability to pay interest." That statutory provision, however, is not included in § 3664(o). As pointed out by the government, some courts have determined that this provision is not applicable post-sentencing. *See United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015)(discussing cases). However, other courts have determined that a court may waive the interest post-judgment. *See United States v. Rohlsen*, No. CR 1996-0077, 2019 WL 458397, at *2–3 (D.V.I. Feb. 5, 2019) (discussing cases). Although the Tenth Circuit has not directly addressed this issue, it has noted that the "district court has discretion to modify an order of restitution when there is a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.' 18 U.S.C. § 3664(k). A change is material if it affects—negatively or positively—the defendant's ability to pay restitution." *United States v. Grigsby*, 665 F. App'x 701, 706 (10th Cir. 2016).

The court declines to address its authority to modify the interest on the restitution order in this case because Defendant has not submitted any evidence regarding a "material change" in his economic circumstances or his ability to pay and it is Defendant's burden to do so. *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 3639806, at *1 (D. Kan. July 6, 2020) ("Defendant has the burden to show that financial circumstances have changed enough to warrant modification of [the] restitution obligation.") (citation omitted). Defendant has merely stated that he "does not have the financial ability to pay over $40,000 in interest." (Doc. 445 at 3.) First, this statement is conclusory as Defendant provides no evidence as to his economic circumstances.

Second, the statement regarding the amount due is incorrect. The outstanding balance due is $2,441.17 and the outstanding interest is $9,679.83. Therefore, the court declines to consider its authority under the statute as Defendant has not sufficiently shown that there has been a material change in his economic circumstance or that he lacks the ability to pay the outstanding interest.

Alternatively, Defendant seeks a modification to his conditions of supervised release to allow him to travel out of district as long as he is complying with his payments on his restitution order. In response, the government defers to the probation officer. The probation officer has notified the undersigned that it does not object to a modification of Defendant's conditions. Therefore, the court will modify Defendant's conditions to allow travel out of district upon approval from the probation officer and continued compliance with his payment plan. Specifically, the new condition will read as follows: The defendant shall not leave the judicial district without the permission of the court or probation officer. Travel approval is contingent on compliance with payments of the Criminal Monetary Penalties.

### III.  Conclusion

Defendant's motion to waive restitution interest or modify conditions of supervised release (Doc. 445) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED. Dated this 12th day of August, 2021.

                                                           __s/ John W. Broomes_____
                                                           JOHN W. BROOMES
                                                           UNITED STATES DISTRICT JUDGE